DARREN M. HARRIS, Bar No. 190399
**HARRIS GROMBCHEVSKY LLP**
2070 Business Center Drive, Suite 285
Irvine, California 92612
(949) 387-4444 Telephone
(949) 387-4544 Facsimile
dharris@lawfirmhg.com

Attorneys for Plaintiff, ROBERT DILWORTH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DILWORTH<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF SAN BERNARDINO;<br>SHANNON D. DICUS, an individual;<br>ROBERT TROSTLE, an individual;<br>JEFFREY A. HAGA, D.O., an individual;<br>and DOES 1 to 10, inclusive,<br><br>　　　Defendants. | CASE NO. 5:23-cv-01879<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Deprivation of Civil Rights – Fourteenth Amendment (Cruel and Unusual Conditions, 42 U.S.C. § 1983)<br>2. Deprivation of Civil Rights – Eighth Amendment (Cruel and Unusual Conditions, 42 U.S.C. § 1983)<br>3. Deprivation of Civil Rights – (*Monell* Violations, 42 U.S.C. § 1983)<br>4. Negligence (State Law)<br><br>**DEMAND FOR JURY TRIAL** |

　　　Plaintiff ROBERT DILWORTH alleges as follows under California and Federal law:

## I. JURISDICTION

　　1.　This case is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based

1

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1  upon 28 U.S.C. §§ 1331 and 1342. The court also has pendent jurisdiction over the
2  state claims, and supplemental jurisdiction over all Defendants herein.

## II. VENUE

3  2.  The claims alleged herein arose in the County of San Bernardino,
4  California. Venue lies in the Central District of California. 28 U.S.C. §1391(b)(2).

## III. PARTIES

5  3.  Plaintiff ROBERT DILWORTH (hereinafter "DILWORTH") is a resident
6  of the County of San Bernardino and the State of California. Plaintiff DILWORTH is
7  a pre-trial detainee in custody at the West Valley Detention Center in the County of
8  San Bernardino, State of California.

9  4.  At all times herein concerned, Defendant COUNTY OF SAN
10 BERNARDINO (hereinafter "COUNTY") was a municipality and/or governmental
11 entity operating under a Charter, organized and incorporated under the laws of the
12 State of California. Defendant COUNTY operates four jail facilities – West Valley
13 Detention Center, Central Detention Center, High Desert Detention Center, and the
14 Glen Helen Rehabilitation Center – that incarcerate approximately 6,000 people. The
15 COUNTY is responsible for ensuring that the basic human needs of individuals in
16 its custody are met, and for ensuring that individuals are not at risk of serious harm,
17 including by providing appropriate medical and health care, supervision, training, and
18 corrective action to ensure adequate conditions.

19 5.  Plaintiff is informed and believes and thereon alleges that Defendant
20 COUNTY is the employer of individual Defendants SHANNON D. DICUS,
21 ROBERT TROSTLE, JEFFREY A. HAGA, and DOE Defendants.

22 6.  Defendant SHANNON D. DICUS (hereinafter "DICUS") is and was, at
23 all times relevant herein to the matters alleged in this complaint, the Sheriff employed
24 by the Sheriff's Department of the COUNTY and was acting within the course and
25 scope of his employment and was acting under color of law.

7. Defendant ROBERT TROSTLE (hereinafter "TROSTLE") is and was, at all times relevant herein to the matters alleged in this complaint, the Captain at the West Vallet Detention Center and employed by the Sheriff's Department of the COUNTY and was acting within the course and scope of her employment and was acting under color of law.

8. Defendant JEFFREY A. HAGA, D.O. (hereinafter "HAGA") is and was, at all times relevant herein to the matters alleged in this complaint, a medical professional and Chief Medical Officer of the West Valley Detention Center and employed by COUNTY and was acting within the course and scope of his employment and was acting under color of law.

9. At all times herein concerned, DOES 1 through 10 inclusive, were correctional deputies, deputies, officers, nurses, doctors, agents and/or servants and/or employees of the COUNTY. Said defendants were acting within the course and scope of their authority as such agents and/or servants and/or employees, with the permission and consent of their co-defendants, and each of them.

10. The true names and/or capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiffs will amend this Complaint to state the true names and capacities when the same have been ascertained.

11. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the Defendants, as well as those designated as a DOE is legally responsible in some manner for the events and happenings referred to, and legally caused injury and damages to the Plaintiff as hereinafter set forth.

12. Plaintiff alleges that Defendants DICUS, TROSTLE, HAGA, and Does 1-10 were responsible for supervising, oversight, managing, and training the individual persons employed by the COUNTY at the West Valley Detention Center.

# IV. FACTUAL BACKGROUND

13. On or about June 22, 2022, Plaintiff DILWORTH was transported by the COUNTY to and from West Valley Detention Center and the courthouse in Rancho Cucamonga. As DILWORTH walked down the steps of the bus, he fell onto his right arm. He immediately felt intense pain and knew he fractured his arm. Plaintiff immediately notified the deputies of his need for medical care.

14. DILWORTH was seen by the medical staff at West Valley and was then transported to Arrowhead Regional Medical Center and underwent x-rays and other diagnostic testing which revealed a severe fracture of his right forearm.

15. Because of the severity of Plaintiff's injury, the physicians at Arrowhead Regional placed his right arm in a removable cast to immobilize his arm.

16. DILWORTH had his removable cast only for a couple of days. When DILWORTH took a shower, he placed the cast either on his bed or in his drawer inside his cell. However, when the deputies conducted a "shakedown" of the cells, they took Plaintiff's cast and did not return it.

17. Plaintiff DILWORTH not only complained to numerous staff members about the need for his cast, he also submitted numerous grievances and Health Service Requests (HSRs). However, Defendants still deliberately refused to properly care for DILWORTH – ignoring his pleas for help.

18. Plaintiff's injury was so severe that he was scheduled to undergo emergency surgery in mid to late July at Arrowhead Regional. At all times, the COUNTY and Defendant HAGA and his medical staff knew of the severity of Plaintiff's injuries and the need for appropriate and timely medical care. Despite knowing that Plaintiff was scheduled for surgery, and despite knowing the importance of Plaintiff receiving emergency medical treatment, the Defendants failed to transport Plaintiff to Arrowhead Regional for his surgery.

19. Plaintiff never underwent the recommended and required surgery to

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

repair his right arm.

20. Because Plaintiff did not receive the recommended and required treatment, his right arm is now permanently disfigured. Where his bones would have fused together by surgical fixation, scar tissue has formed.

21. As a result of being denied proper medical care and treatment, his ligaments and tendons in his right arm and hand became permanently damaged. His right 4th digit (ring finger) became stuck and unable to bend as a result of the damaged tendon/ligament.

22. In or about June 2023, Plaintiff underwent an amputation up to the second knuckle of his right 4th digit (ring finger).

23. Plaintiff's need for proper medical care for his right arm and hand continues to this day. Because Plaintiff is in custody, he is entirely dependent on Defendants for his basic health care needs. However, Defendants continue to be deliberately indifferent to Plaintiff's medical needs.

## V. DEFICIENCIES IN THE COUNTY'S CARE AND SUPERVISION OF INMATES WITH MEDICAL NEEDS

24. Defendant COUNTY subjects all people confined in the West Valley Detention Center, including Plaintiff DILWORTH, to a substantial risk of injury by failing to provide adequate medical care. Individuals in West Valley are entirely dependent on the COUNTY for their basic health care needs. The COUNTY has a policy and practice of inadequately screening for serious health care conditions and disabilities, delaying access to clinicians and medications, understaffing health care professionals, delaying access to specialty care, and failing to provide the full array of services necessary to meet minimum standards of care. The COUNTY is deliberately indifferent to the risk of harm caused by these serious health care deficiencies.

25. While DILWORTH has been incarcerated in West Valley Detention Center, he has faced cruel and inhumane deficits in medical care. Defendants have

known for years that the COUNTY's inadequate health care places inmates, such as Plaintiff DILWORTH herein, at a serious risk of harm, but Defendants have failed to take the necessary steps to mitigate the risk. As a result, inmates in the COUNTY jails, like the Plaintiff herein, are subjected to policies and practices that systematically deprive them of their constitutional right to basic medical care.

26. Defendant COUNTY has a policy and practice of failing to provide proper medical care, supervision, and monitoring of prisoners with medical problems, and is deliberately indifferent to the risk of harm, injury, and death to prisoners. The COUNTY often denies or delays care, supervision and/or monitoring, causing unnecessary pain and suffering as well as physical injury to the prisoners with medical problems.

27. Defendant COUNTY does not consistently respond in a timely manner, it if responds at all, to inmates who submit HSRs regarding serious medical conditions. For example, DILWORTH submitted numerous HSRs for many months, reporting the need for medical care and treatment. Medical staff at West Valley did not respond to these HSRs and failed to provide medical care and treatment for his right arm.

28. The Defendants have known for years that the conditions in the West Valley Detention Center are so deplorable that people housed there with medical needs are at significant risk of harm. Yet the Defendants have failed to take reasonable measures to mitigate the risk of harm faced by people entirely dependent on the COUNTY for basic health care, prevent disability discrimination, and ensure safety and security.

29. The COUNTY and Defendants DICUS, TROSTLE, HAGA and Does 1-10 had a duty to provide proper medical care, supervision, and monitoring of Plaintiff DILWORTH, whom Defendants knew had serious medical problems and needs. At all times, Defendants were deliberately indifferent to the risk of harm, injury, and

suffering to Plaintiff DILWORTH.

30. The COUNTY and Defendants DICUS, TROSTLE, HAGA and Does 1-10 have known that West Valley Detention Center's screening process fails to adequately identify and treat the medical problems of its inmates.

31. The COUNTY and Defendants DICUS, TROSTLE, HAGA and Does 1-10 have known that insufficient numbers of nursing staff and medical professionals are available at West Valley Detention Center to identify and evaluate medical conditions of inmates, resulting in dangerous delays in diagnosis and treatment. Many of the deficits described herein stem from the inadequate health care staffing levels maintained by Defendant COUNTY in the West Valley Detention Center. There are simply not enough doctors, nurses, mental health providers, pharmacists, or medical records staff to meet the needs of the population. As a result, inmates (such as Plaintiff herein) are placed at serious risk of harm.

32. Defendants DICUS, TROSTLE and HAGA failed to properly train and supervise the staff at West Valley, which was a proximate cause of Plaintiffs' injuries and damages herein.

33. Defendants DICUS, TROSTLE, HAGA, and the staff at West Valley Detention Center were well aware that Plaintiff DILWORTH was being denied these basic medical care necessities. Plaintiff complained about these issues on many occasions with Defendants.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**(Fourteenth Amendment - Cruel and Unusual Conditions, 42 U.S.C. § 1983)**

**Against Defendants DICUS, TROSTLE, HAGA and DOES 1-10**

34. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

35. Defendants DICUS, TROSTLE, HAGA, and Does 1-10 subjected

7

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff to a substantial risk of serious harm and injury from inadequate care, training, supervision, monitoring, and violated his rights to basic human dignity and to be free from cruel and unusual conditions under the Fourteenth Amendment to the United States Constitution and are the proximate cause of the Plaintiff's deprivation of rights.

36. Defendants acted with deliberate indifference and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiff, and engaged in the unconstitutional conduct and omissions, which consisted of the following:

   a. The knowing denial of the basic human and medical necessities to the Plaintiff as set forth above;

   b. The deliberate indifference to the safety and security of Plaintiff;

   c. The deliberate indifference to the basic needs, supervision, monitoring, and care of the Plaintiff;

   d. Failing to adequately train, supervise and control staff at West Valley to adequately provide care, supervision, and monitoring for the Plaintiff;

   e. Failing to discipline staff at West Valley involved in the deliberate indifference to the safety and security of the Plaintiff;

   f. Knowingly failing to comply with the laws and regulations with the awareness that such failure to comply would create an undue and substantial risk of causing damages to the Plaintiff.

37. Defendants DICUS, TROSTLE, HAGA and Does 1-10 have been and are aware of all of the deprivations complained of herein, and have condoned or have been deliberately indifferent to such conduct.

38. Defendants' deliberate indifference to the basic needs, supervision, monitoring, and care of the Plaintiff was a substantial factor in causing the Plaintiff's

1 | harm herein.

39. As a proximate, legal and direct result of the above-mentioned conduct of the Defendants, and each of them, Plaintiff has suffered significant damages.

40. Plaintiff seeks general and special damages, in an amount to be determined at trial. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. § 1988.

41. The aforementioned acts of Defendants DICUS, TROSTLE and HAGA were willful, wanton, malicious, oppressive and shocking to the conscience thereby justifying the awarding of exemplary and punitive damages as to said defendants.

## SECOND CAUSE OF ACTION

**(Eighth Amendment – Cruel and Unusual Conditions, 42 U.S.C. § 1983)**

**Against Defendants DICUS, TROSTLE, HAGA and DOES 1-10**

42. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

43. Defendants DICUS, TROSTLE, HAGA, and Does 1-10 subjected Plaintiff to a substantial risk of serious harm and injury from inadequate care, training, supervision, monitoring, and violated his rights to basic human dignity and to be free from cruel and unusual conditions under the Eighth Amendment to the United States Constitution and are the proximate cause of the Plaintiff's deprivation of rights.

44. As a proximate, legal and direct result of the above-mentioned conduct of the Defendants, and each of them, Plaintiff has suffered significant damages.

45. Plaintiff seeks general and special damages, in an amount to be determined at trial. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. § 1988.

46. The aforementioned acts of Defendants DICUS, TROSTLE and HAGA were willful, wanton, malicious, oppressive and shocking to the conscience thereby

justifying the awarding of exemplary and punitive damages as to said defendants.

## THIRD CAUSE OF ACTION

### (Deprivation of Civil Rights – *Monell* Violations, 42 U.S.C. § 1983)

### Against Defendant COUNTY

47. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

48. Defendant DICUS, TROSTLE, HAGA and DOES 1-10 as alleged above led to deprivations of Plaintiff's constitutional rights, causing him to suffer damages. These defendants acted pursuant to an expressly adopted official policy or longstanding practice or custom of Defendant COUNTY and policymakers.

49. Plaintiff is informed and believes and thereupon alleges that, at all times herein mentioned, Defendant COUNTY, with deliberate indifference and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiff, engaged in the unconstitutional conduct and omissions, which consist of the following customs and/or policies:

    a. The knowing denial of the basic human and medical necessities to the Plaintiff and others as set forth above;

    b. The deliberate indifference to the safety and security of Plaintiff and others;

    c. The deliberate indifference to the basic needs, supervision, monitoring, and care of the Plaintiff and others;

    d. Failing to adequately train, supervise and control staff at West Valley to adequately provide care, supervision, and monitoring for the Plaintiff and others;

    e. Failing to discipline staff at West Valley involved in the deliberate indifference to the safety and security of the Plaintiff and others;

    f. Knowingly failing to comply with the laws and regulations with the

awareness that such failure to comply would create an undue and substantial risk of causing damages to the Plaintiff and others.

50. The actions and inactions of Defendant COUNTY were known or should have been known to the policy makers responsible for the COUNTY and occurred with deliberate indifference to either the recurring constitutional violations elaborated above, and/or the strong likelihood that constitutional rights would be violated as a result of failing to train, supervise or discipline in areas where the need for such training and supervision was obvious.

51. The actions and inactions of Defendant CDCR set forth herein caused and resulted in Plaintiff's damages and/or are so closely related to the deprivation of Plaintiff's constitutional rights as to be the moving force that caused Plaintiff's damages.

52. As a direct and proximate result of Defendant COUNTY's acts and omissions, condoning, encouraging, ratifying and deliberately ignoring the pattern and practice of Defendants DICUS, TROSTLE, HAGA and DOES 1-10's acts and omissions, Plaintiff sustained injuries and damages.

53. As a result of Defendant COUNTY'S violations of Plaintiff's constitutional rights as set forth herein, Plaintiff was damaged as alleged above.

## SUPPLEMENTAL CLAIMS
## FOURTH CAUSE OF ACTION – STATE LAW
### (Negligence)
### Against All Defendants

54. Plaintiff re-alleges and incorporates by reference the information set forth in the preceding paragraphs as though fully set forth herein.

55. Pursuant to California *Government Code* §910 et seq., Plaintiff timely filed a Claim for Damages with the County of San Bernardino. Plaintiff has complied with this timeline.

11
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

56. Plaintiff invokes the pendant jurisdiction of this Court to hear this claim.

57. Pursuant to California *Government Code* §815.2, Defendant COUNTY is liable for injury proximately caused by an act or omission of its employees within the scope of his/her employment if the act or omission would have given rise to a cause of action against that employee or his personal representative. Section 815.2's "[v]icarious liability is a primary basis for liability on the part of a public entity, and flows from the responsibility of such an entity for the acts of its employees under the principle of respondeat superior." (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.).

58. Pursuant to California *Government Code* §820(a), Defendants DICUS, TROSTLE, HAGA, and DOES 1-10 are liable for their individual torts to the same extent as private persons. No privileges or immunities exist to exonerate these defendants from their actions herein.

59. At all times herein mentioned, Defendants COUNTY and DICUS, TROSTLE, HAGA, and DOES 1-10 owed a duty to Plaintiff DILWORTH to not endanger his life or liberty, to provide for and ensure proper medical care and treatment, and to properly care for, supervise, monitor and treat Plaintiff's medical needs while Plaintiff is in custody at West Valley Detention Center.

60. Said defendants breached their duty of care to Plaintiff through their acts and failures to act, thereby proximately causing Plaintiff to suffer further injuries and damages, including permanent disfigurement, loss of use of his right hand, and emotional distress.

61. As a proximate, legal and direct result of the above mentioned conduct of the defendants, an each of them, Plaintiff has suffered significant damages.

## PRAYER

Wherefore, Plaintiff prays for judgment as follows:

1. For all available general damages according to proof;

2. For all available special damages according to proof;
3. Attorneys' fees according to proof;
4. Costs of suit incurred herein; and
5. For exemplary and punitive damages as to the individual defendants, only;
6. For any other available relief as the court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

DATED: September 14, 2023                HARRIS GROMBCHEVSKY LLP

BY: _____
DARREN M. HARRIS
Attorneys for Plaintiff
ROBERT DILWORTH

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**